849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Fitz FELDER, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Fitz FELDER, Defendant-Appellant.
 Nos. 86-7246, 87-7031.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1987.
Decided: May 31, 1988.
 
 John Fitz Felder, appellant pro se.
 Rudolf A. Renfer, Jr., Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Fitz Felder, a federal inmate, appeals the order of the district court denying his motion, brought pursuant to Fed.R.Civ.P. 60(b), to reconsider an earlier denial of a motion for postconviction relief brought pursuant to 28 U.S.C. Sec. 2255 (No. 86-7246); and appeals the judgment of the district court denying his second Sec. 2255 motion (No. 87-7031). On March 6, 1980, Felder was charged with a violation of 18 U.S.C. Sec. 1702. The indictment alleged that Felder, on March 31, 1978, took a letter "addressed to Pratt A. Simmons, 109-D Lakeview Terrace Apartments, Greenville, North Carolina, which letter had been in an authorized depository for mail matter, before said letter had been delivered to the person to whom it was directed." On June 15, 1981, pursuant to a written plea agreement, Felder pleaded guilty to the charge and was sentenced to 3 years imprisonment. On August 26, 1985, Felder filed his first motion for postconviction relief under 28 U.S.C. Sec. 2255. In that motion Felder alleged:
 
 
 2
 (1) There was no factual basis to support the guilty plea.
 
 
 3
 (2) He was denied the effective assistance of counsel.
 
 
 4
 (3) Statements of several witnesses obtained by the Secret Service were false.
 
 
 5
 (4) The indictment did not include all of the elements of the offense charged.
 
 
 6
 (5) The belated investigation denied petitioner the opportunity for a prompt and complete investigation.
 
 
 7
 (6) The court lacked subject matter jurisdiction.
 
 
 8
 By order entered November 15, 1985, the district court denied the Sec. 2255 motion. The district court found that the claims were vague, conclusory, and not supported by fact. The district court's denial of the motion was affirmed by this Court. United States v. Felder, No. 85-7075 (4th Cir. Mar. 20, 1986) (unpublished). Shortly after the affirmance in No. 85-7075 Felder filed, on April 10, 1986, a motion under Fed.R.Civ.P. 60(b) to vacate the judgment of November 15, 1985. As grounds for this motion Felder alleged that newly discovered evidence obtained from a deposition revealed that Pratt Simmons had authorized Franklin Andrews to receive his mail. Based on this Felder contends that there was no federal crime and no subject matter jurisdiction.
 
 
 9
 By order entered June 2, 1986, the district court denied the Rule 60(b) motion. The court noted that the deposition of Franklin Andrews which Felder had submitted as grounds for his motion was not newly discovered evidence because Felder knew of this evidence when he filed his first Sec. 2255 motion; and that the Rule 60(b) motion was not the proper form whereby the court could treat it as a second Sec. 2255 motion. We conclude that the district court did not abuse its discretion in denying the motion to vacate. Accordingly, we affirm on the reasoning of the district court. United States v. Felder, C/A No. 85-133-4, Cr. No. 80-6-1 (E.D.N.C. June 2, 1986).
 
 
 10
 On June 24, 1986, Felder filed his second motion to vacate his conviction under Sec. 2255. In this motion Felder alleged that:
 
 
 11
 (1) the court was without subject matter jurisdiction because the mail matter which he was accused of taking had been delivered to the addressee's authorized agent and had passed out of the custody of the United States Postal Service;
 
 
 12
 (2) his guilty plea was involuntarily made because he did not possess an understanding of the law, specifically the elements of proof necessary to establish a violation of 18 U.S.C. Sec. 1702 nor understand that he could persist in a not-guilty plea;
 
 
 13
 (3) the factual basis to support petitioner's plea was insufficient;
 
 
 14
 (4) he received ineffective assistance of counsel because his attorney failed to investigate prospective government witnesses, to explain the elements of the offense, to obtain discovery documents, to insure an adequate opportunity for him to view his presentence report, and to object to the presentence report being submitted to the court before a finding of guilty had been accepted;
 
 
 15
 (5) the evidentiary testimony of the government's witness was hearsay and inadmissible;
 
 
 16
 (6) the indictment was not timely filed in accordance with the Speedy Trial Act;
 
 
 17
 (7) the pre-indictment delay prevented the locating of certain witnesses whose testimony would have warranted dismissal of the charge;
 
 
 18
 (8) he was not given adequate time in which to review his presentence report and prevent the court from relying on inaccurate information during sentencing; and
 
 
 19
 (9) he was prejudiced when the presentence report was submitted to the court prior to his guilty plea.
 
 
 20
 The Government moved to dismiss or for summary judgment on the grounds that Felder had failed to state a cause of action, that the motion was successive under Rule 9 of the Rules Governing Section 2255 Cases, and that the Fourth Circuit had previously ruled on similar issues.
 
 
 21
 By order entered September 2, 1986, the district court dismissed claims (1) and (2) as successive under Rule 9(b); dismissed claim (5) as being without merit because the testimony complained of was given by a Secret Service Agent subsequent to the guilty plea, was for the purpose of sentencing, and came under Rule 1101, Federal Rules of Evidence; dismissed claim (6) as being without merit because the indictment was filed within the time period prescribed by 18 U.S.C. Sec. 3161(b); and dismissed claims (8) and (9) because Felder had offered nothing to show that the court deviated from its normal practice of making the presentence report available to the defendant and counsel immediately following acceptance of the guilty plea, and because the transcript of the sentencing proceeding indicated that the court inquired of Felder's counsel whether he had an opportunity to look at the presentence report and counsel argued at length regarding inaccuracies. The district court appointed counsel and set claims (2), (3) and (4) for an evidentiary hearing before a United States Magistrate. The court rejected the Government's arguments that these three claims were successive. The court noted that the three claims were based upon the deposition of Franklin Andrews which had not been available when the court ruled on the first Sec. 2255 motion.
 
 
 22
 A hearing on these three claims was held on October 30 and November 6, 1986, before a United States Magistrate. Based on the record and the testimony adduced at the evidentiary hearing the magistrate made specific findings of fact. Based on those facts the magistrate concluded that none of Felder's claims entitled him to relief, and recommended that the Sec. 2255 motion be denied. Both Felder and his postconviction attorney filed objections to the magistrate's report.
 
 
 23
 On January 9, 1987, the district court, after de novo review of the record in light of the objections to the magistrate's report, entered an order accepting the magistrate's recommendation and denying the Sec. 2255 motion in its entirety. After a careful review of the record in this case we conclude that this appeal from the district court's order adopting the magistrate's report and recommendation is without merit. Accordingly, we affirm the judgment below on the reasoning of the district court. United States v. Felder, C/A No. 85-133-4, Cr. No. 80-6-1 (E.D.N.C. Sept. 2, 1986). Felder's motion for summary reversal is denied.*
 
 
 24
 Because the dispositive issues recently have been decided authoritatively we dispense with oral argument.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Felder has also filed a motion requesting this Court to take judicial notice of the testimony given by Franklin Andrews at the evidentiary hearing held in November 1986. Because the testimony of all of the witnesses who appeared at the evidentiary hearing, held incident to Felder's Sec. 2255 motion, is already part of the record on appeal, we need not act on this motion for judicial notice